**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Angela McCarty, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:22-cv-1166 |
| | ) | |
| Velocity Investment, LLC, a New Jersey | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Angela McCarty, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts

business here.

**PARTIES**

3.      Plaintiff, Angela McCarty ("McCarty"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendant attempted to collect a

defaulted consumer debt that she allegedly owed for an Upstart Loan/Cross River Bank

account ("Upstart").

4.      Defendant, Velocity Investments, LLC ("Velocity"), is a New Jersey limited

1

liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Velocity operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Velocity was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant Velocity is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Velocity's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6.      Defendant Velocity is authorized to conduct business in Illinois, and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached at Exhibit <u>A</u>. In fact, Defendant conducts extensive business in Illinois.

**FACTUAL ALLEGATIONS**

7.      Due to financial difficulties, Ms. McCarty was unable to pay her debts, including a debt she allegedly owed for an Upstart Loan/Cross River Bank account. Sometime after that debt went into default, it was allegedly purchased/obtained by Defendant, which then attempted to collect the debt.

8.      Unsure about the debt, as well as Defendant, Ms. McCarty had her legal aid attorney write to Defendant, via letter dated December 31, 2021, to inform Defendant that Ms. McCarty was represented by counsel, that she refused to pay the debt, and that she disputed the debt. A copy of this letter and fax confirmation are

attached as Exhibit B.

9.      Nonetheless, Defendant had another debt collector, CKS Financial, call Ms. McCarty directly, including, but not limited to, a telephone call on February 21, 2022, from telephone number 773-453-7619, regarding payment of the alleged debt originally owed to Upstart.

10.     Accordingly, on February 21, 2022, Ms. McCarty's legal aid attorney had to inform Defendant, yet again, through its debt collector/agent, that Ms. McCarty was represented by counsel and that she refused to pay the disputed debt. A copy of this e-mail/letter is attached at Exhibit C.

11.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## ARTICLE III STANDING

13.     In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14.     To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt

collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

15.     Ms. McCarty had been informed by counsel and believed that she had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's collection communications made her believe that her demands had been futile and that she did not have the rights that Congress had granted her under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. McCarty's legally-protected right to be left alone and her right to privacy – rights granted to consumers under § 1692c of the FDCPA. Moreover, Ms. McCarty had to go to the trouble and expense of having her counsel at LASPD send yet another letter to Defendant to tell it to leave her alone, see, Exhibit C.

16.     Ms. McCarty had been informed by counsel that she had a right to be represented by counsel as to her debt. Defendant's collection communications made her believe that she did not have the right to be represented by counsel as to her debt that Congress had granted her under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. McCarty's legally-protected right to be represented by counsel – a right granted to consumers under § 1692c of the FDCPA.

17.     Defendant's actions caused Plaintiff to question whether her counsel had done its job, whether she could refuse to pay the debt, whether she had the right to be

4

left alone, and whether she could be represented by counsel – all of which upset, distressed and alarmed Ms. McCarty.

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20.     Here, the letter from Plaintiff's legal aid attorney to Defendant (Exhibit B) told Defendant to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

21.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

24.     Defendant knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given notice in writing, directly to Defendant, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By having its debt collector directly call Plaintiff, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

25.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

<h3 style="text-align:center">PRAYER FOR RELIEF</h3>

Plaintiff, Angela McCarty, prays that this Court:

1.     Find that Defendant's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff McCarty, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

<h3 style="text-align:center">JURY DEMAND</h3>

Plaintiff, Angela McCarty, demands trial by jury.

Angela McCarty,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: March 4, 2022

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Savannah R. Theil    (Ill. Bar No. 06339745)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com